# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No. 24-2246

CLEAN WATER ACTION, et al.,

Petitioner,

v.

MICHAEL S. REGAN, ADMINISTRATOR, UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY, et al.,

Respondents,

SOUTHWESTERN ELECTRIC POWER COMPANY, et al.,

Intervenors.

No. 24-2255

CATAWBA RIVERKEEPER, et al.,

Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

Respondents,

SOUTHWESTERN ELECTRIC POWER COMPANY, et al.,

Intervenors.

Appellate Case: 24-2407    Page: 1    Date Filed: 11/12/2024 Entry ID: 5455894

No. 24-2407

CENTER FOR BIOLOGICAL DIVERSITY,

Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

Respondents,

NRG TEXAS POWER, LLC, et al.,

Intervenors.

**ENVIRONMENTAL PETITIONERS' MOTION FOR LEAVE TO FILE DOCUMENTS**

Petitioners Clean Water Action, Sierra Club, Diné Citizens Against Ruining Our Environment, Waterkeeper Alliance, Inc., Natural Resources Defense Council, Environmental Integrity Project, PennEnvironment, Inc., Prairie Rivers Network, Winyah Rivers Alliance, Catawba Riverkeeper, and Center for Biological Diversity ("Environmental Petitioners") hereby move the Court for leave to file the attached standing declarations. In support of the motion, Environmental Petitioners state as follows:

1

Appellate Case: 24-2407    Page: 2    Date Filed: 11/12/2024 Entry ID: 5455894

1.      Environmental Petitioners have attached to this motion declarations submitted by members and staff of their respective organizations.  The attached declarations are cited in Environmental Petitioners' opening brief solely to support their standing to bring these cases.  Environmental Petitioners contacted counsel for the other parties to these cases prior to filing this motion.  Counsel for Respondent United States Environmental Protection Agency and Intervenor-Respondents indicated that they do not object to this motion.

2.      The United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).  "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id.* at 560.

3.      "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61).  Under the doctrine of "associational standing," an organization "has standing to sue on behalf of its members when (1) its members would have standing to sue in their own right, (2) the association is seeking to

2

Appellate Case: 24-2407     Page: 3     Date Filed: 11/12/2024 Entry ID: 5455894

protect interests that are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Ark. Med. Soc'y, Inc. v. Reynolds*, 6 F.3d 519, 528 (8th Cir. 1993) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

4.      The party that invokes a court's jurisdiction bears the burden of proving standing by submitting admissible evidence. *See, e.g.*, *Owner-Operator Indep. Drivers Ass'n, Inc. v. U.S. Dep't of Transp.*, 831 F.3d 961, 966 (8th Cir. 2016) ("Parties seeking direct appellate review of an agency action must prove each element of standing with specific facts supported by affidavit or other evidence."); *Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1289 (D.C. Cir. 2007) ("Because petitioners bear the burden of proof on standing, they 'must either identify . . . record evidence sufficient to support [their] standing to seek review or, if there is none because standing was not an issue before the agency, submit additional evidence to the court of appeals.'").

5.      Environmental Petitioners filed petitions for review that have been transferred to this Court. As petitioners, they bear the burden of establishing Article III standing. *See Owner-Operator Indep. Drivers Ass'n, Inc.*, 831 F.3d at 966; *Pub. Citizen, Inc.*, 489 F.3d at 1289.

Appellate Case: 24-2407    Page: 4    Date Filed: 11/12/2024 Entry ID: 5455894

6.     To meet their burden to demonstrate Article III standing, Environmental Petitioners seek leave to file the attached declarations as part of the appellate record.  The attached declarations do not contain any new evidence or argument concerning the merits of the case.  Instead, Environmental Petitioners submit these documents solely to "prove each element of standing with specific facts supported by affidavit," *Owner-Operator Indep. Drivers Ass'n, Inc.*, 831 F.3d at 966, and do not otherwise cite to the declarations in support of the merits arguments in their opening brief.[1]

## CONCLUSION

For the foregoing reasons, Environmental Petitioners respectfully request that the Court grant this motion for leave to file the attached standing declarations.[2]

---

[1] This Court's local rules do not specifically address the filing of such declarations. Upon instruction from the Clerk's Office for this Court, Environmental Petitioners filed the declarations attached to a letter on November 7, 2024.  On November 12, the Clerk's Office requested that Environmental Petitioners refile the declarations along with this motion.

[2] If the Court grants this motion, Environmental Petitioners are available to submit paper copies of the declarations to the Court, along with their opening brief once approved, at the Court's request.

Appellate Case: 24-2407     Page: 5     Date Filed: 11/12/2024 Entry ID: 5455894

Respectfully submitted this 12th day of November. 2024.

/s/ Thomas Cmar

THOMAS CMAR
Earthjustice
6608 Wooster Pike
Cincinnati, OH 45227
(312) 257-9338
tcmar@earthjustice.org

MYCHAL OZAETA
Earthjustice
707 Wilshire Blvd., Suite 4300
Los Angeles, CA 90017
(213) 766-1069
mozaeta@earthjustice.org

LAUREN PIETTE
Earthjustice
311 S. Wacker Dr., Suite 1400
Chicago, IL 60606
(312) 500-2193
lpiette@earthjustice.org

*Attorneys for Petitioners Clean Water Action, Sierra Club, Diné Citizens Against Ruining Our Environment, Waterkeeper Alliance, Inc., and Natural Resources Defense Council*

JOSHUA SMITH
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5560
joshua.smith@sierraclub.org

5

*Attorney for Petitioner Sierra Club*

ABEL RUSS
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 296-8800
aruss@environmentalintegrity.org

*Attorney for Petitioners Environmental
Integrity Project, PennEnvironment, Inc.,
and Prairie Rivers Network*

NICHOLAS S. TORREY
Southern Environmental Law Center
601 W. Rosemary Street, Suite 220
Chapel Hill, NC 27516
919-967-1450
ntorrey@selcnc.org

FRANK S. HOLLEMAN III
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, SC 29403
843-720-5270
fholleman@selcsc.org

*Attorneys for Petitioners Catawba
Riverkeeper and Winyah Rivers Alliance*

HANNAH CONNOR
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
Tel: (202) 681-1676
Email: hconnor@biologicaldiversity.org

CLAIRE TONRY

6

Smith & Lowney PLLC
2317 E. John St.
Seattle, WA 98112
Tel: (206) 805-0857
Email: claire@smithandlowney.com

*Counsel for Petitioner Center for Biological Diversity*

7

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27 and 32(g)(1), the undersigned counsel for Movants certifies that this motion complies (1) with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 714 words and (2) with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared using Microsoft Office Word for Office 365 and is set in Times New Roman font in a size equivalent to 14 points or larger.

/s Thomas Cmar
THOMAS CMAR

*Attorneys for Petitioners Clean Water Action, Sierra Club, Diné Citizens Against Ruining Our Environment, Waterkeeper Alliance, Inc., and Natural Resources Defense Council*

8

## CERTIFICATE OF SERVICE

I certify that on November 12, 2024, this motion for leave to file documents and accompanying attachments were served on all parties via this Court's CM/ECF system.

/s Thomas Cmar
THOMAS CMAR

*Attorneys for Petitioners Clean Water Action, Sierra Club, Diné Citizens Against Ruining Our Environment, Waterkeeper Alliance, Inc., and Natural Resources Defense Council*

9